**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN PARKS,

Plaintiff,

v.

Case No. 2:26-cv-10448

Hon.

NATIONWIDE RECOVERY, INC.,
MAYFLOWER ENTERPRISES, LLC,
J&T TOWING, INC. d/b/a J&T CROVA
TOWING, and LOUAY M. HUSSEIN

Defendants.

---

David M. Blanchard (P67190)
Diana E. Marin (P81514)
BLANCHARD & WALKER, PLLC
*Attorneys for Plaintiff*
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
marin@bwlawonline.com

---

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.*

**<u>COLLECTIVE ACTION COMPLAINT AND JURY DEMAND</u>**

Plaintiff John Parks ("Mr. Parks"), through his attorneys, BLANCHARD & WALKER PLLC, individually and on behalf of all others similarly situated, files this civil lawsuit against Defendants NATIONWIDE RECOVERY, INC., MAYFLOWER ENTERPRISES, LLC, J&T TOWING, INC. d/b/a J&T CROVA

TOWING, and LOUAY M. HUSSEIN, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA").

## NATURE OF THE CASE

1. Defendants Nationwide Recovery, Inc. ("Nationwide"), Mayflower Enterprises, LLC's ("Mayflower"), J&T Towing, Inc's ("J&T"), and Louay Hussein's ("Hussein") (collectively "Defendants"), provide towing services for private and public entities throughout Michigan.

2. Plaintiff and other similarly situated employees are tow truck drivers who provided intrastate towing services for Defendants, meaning they only towed vehicles within the state of Michigan and did not cross state lines.

3. Defendants' intrastate tow truck drivers are entitled to overtime compensation for hours worked over forty (40) in a week.

4. While working for Defendants, Plaintiff and other intrastate tow truck drivers regularly worked over 40 hours per week but were not paid the legally required overtime premium in violation of the FLSA, 29 U.S.C. § 207.

5. Plaintiff brings claims on behalf of himself and a collective of similarly situated tow truck drivers who have performed intrastate tow truck services for Defendants and who may opt-in to this case under the FLSA, 29 U.S.C. § 216(b) (the "Collective").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331 and 29 U.S.C. §216(b), 217 because this action involves a federal question under the FLSA.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendants are headquartered and conduct business in this district.

## PARTIES

8. John Parks is an adult resident of Ypsilanti, Michigan in Washtenaw County and worked for Defendants in Michigan at all relevant times.

9. Mr. Parks began his employment with Defendants on or about July 23, 2022.

10. Mr. Parks is a covered employee within the meaning of FLSA, 29 U.S.C. §203(e).

11. Mr. Parks consents to this action. *See* Exhibit 1.

12. Defendant Nationwide Recovery, Inc. ("Nationwide") is a domestic for-profit corporation with its principal place of business located in Wayne County, Michigan and regularly conducts business and employs individuals in the State of Michigan, including in Wayne County, Michigan.

13. Defendant Mayflower Enterprises, LLC ("Mayflower") is a limited liability corporation with its principal place of business located in Wayne County,

Michigan and regularly conducts business and employs individuals in the State of Michigan, including in Wayne County, Michigan.

14. Defendant J&T Towing, Inc., d/b/a J&T Crova Towing ("J&T"), is a domestic for-profit corporation with its principal place of business located Wayne County, Michigan and regularly conducts business and employs individuals in the State of Michigan, including in Wayne County, Michigan.

15. Defendants Nationwide, Mayflower, and J&T (hereinafter "Corporate Defendants") are an employer or joint employer of Plaintiff and the Collective under the broad definitions in the FLSA.

16. Corporate Defendants are enterprises engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. 203(s)(1).

17. At all times pertinent to this Complaint, Corporate Defendants are engaged in interstate commerce, have gross operating revenues in excess of $500,000, and employ two or more persons in interstate commerce.

18. Corporate Defendants' compensation and policies challenged herein are set and carried out on an enterprise-wide basis from Corporate Defendants' headquarters in Belleville, Michigan.

19. Corporate Defendants share common ownership and management, including but not limited to a centralized dispatch center, a common website, shared dispatchers, shared tow truck drivers, and a shared payroll system.

20. Defendant Louay Hussein (hereinafter "Hussein") is a resident of Northville, Michigan and has ownership interest in Corporate Defendants.

21. At all times pertinent to this Complaint, Defendant Hussein was an employer of Plaintiff and the Collective as defined by the FLSA.

22. Defendant Hussein exercised control over Corporate Defendants' towing operations, including but not limited to:

a. Hiring and firing Plaintiff and similarly situated tow truck drivers;
b. Setting the schedules for Plaintiff and similarly situated tow truck drivers;
c. Setting the pay rate for Plaintiff and similarly situated tow truck drivers;
d. Approving time off requests for Plaintiff and similarly situated tow truck drivers; and
e. xecuting the payment policies of Defendants' employees.

**STATEMENT OF FACTS**

23. On or about July 23, 2022, Defendants hired Mr. Parks as a tow truck driver in Michigan.

24. Mr. Parks worked for Defendants towing vehicles within the state of Michigan until March 21, 2025.

25. Defendants assigned Mr. Parks to drive tow trucks under Defendants' Mayflower brand.

26. Mr. Parks and other similarly situated tow truck drivers were often called to tow vehicles for all three Defendants on an as needed basis.

27. Upon information and belief, Defendants employed approximately forty to fifty tow truck drivers under their various brands to drive Defendants' light duty flatbed trucks within the state of Michigan.

28. Defendants maintained two twelve-hour shifts for tow truck drivers, morning and evening.

29. Mr. Parks worked for Defendants' morning shift, Monday through Saturday, from 7 am to 7 pm.

30. Other similarly situated intrastate tow truck drivers worked 6 am to 6 pm or 7 pm to 7 am, depending on their assigned shift.

31. Defendants shared dispatchers and supervisors who supervised Mr. Parks and other similarly situated tow truck drivers' day-to-day work.

32. Mr. Parks and other similarly situated tow truck drivers worked within Michigan to provide towing services on behalf of Defendants.

33. Defendants required Mr. Parks and other similarly situated intrastate tow truck drivers to work six days a week, twelve-hour shifts for a minimum of 72 hours each week.

34. Defendants paid Mr. Parks and other similarly situated intrastate tow truck drivers a fixed weekly rate for hours worked.

35. Mr. Parks and other similarly situated intrastate tow truck drivers did not receive a time-and-one-half premium for hours worked over forty (40) in a week.

36. If Mr. Parks and other similarly situated tow truck drivers missed a day of work within a week, they were expected to work additional time to make up for that day.

37. Defendants promised Mr. Parks and other similarly situated tow truck drivers a "commission" of $50 per hour if they worked more than 72 hours per week.

38. Defendants routinely did not pay Mr. Parks and similarly situated tow truck drivers the promised commission.

39. Defendants routinely rounded down in 15-minute increments, resulting Defendants underpaying their promised "commission" to Plaintiff and similarly situated tow truck drivers.

40. Defendants failed to maintain accurate payroll records, including information regarding the number of hours worked or amount of "commission" earned in a given pay period.

## FLSA COLLECTIVE ALLEGATIONS

41. Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and all other similarly situated non-exempt tow truck drivers in the following opt-in collective:

> **All of Defendants' current and former non-exempt Michigan intrastate tow truck drivers who were subjected to Defendants' policy of not paying**

**overtime and worked for 40 or more hours of work in any workweek from three years preceding the filing of this Complaint, through the final disposition of this case (the "FLSA Collective" or "FLSA Collective Members").**

42. Plaintiff and the putative FLSA Collective Members are similarly situated in that:

a. Plaintiff and the FLSA Collective have worked as intrastate tow truck drivers for Defendants;

b. Plaintiff and the FLSA Collective worked over forty hours in a workweek;

c. Plaintiff and the FLSA Collective were subject to the same pay policies and practices of Defendants;

d. Plaintiff and the FLSA Collective did not work as an executive, administrative, or professional employee as defined in the FLSA;

e. Plaintiff and the FLSA Collective are not subject to Section 13(b)(1) of the FLSA (i.e., Motor Carrier Act Exemption);

43. Defendants were required to compensate Plaintiff and the FLSA Collective, at one-and-one-half times their regular hourly rate for hours worked in excess of 40 hours per week; and

44. Defendants did not pay an overtime premium to Plaintiff and the FLSA Collective.

45. Plaintiff is representative of the FLSA Collective and is acting on behalf of their interests as well as his own in bringing this action.

## COUNT I
## Unpaid Overtime Violation of the Fair Labor Standards Act of 1938 ("FLSA")

46. Plaintiff incorporates the foregoing allegations of this Complaint as if fully stated herein.

47. Defendants are an employer within the coverage of the FLSA, 29 U.S.C. § 203(d).

48. Plaintiff and the FLSA Collective are employees within the coverage of the FLSA, 29 U.S.C. § 203(d).

49. Defendants are engaged in commerce as defined by the FLSA, 29 U.S.C. § 201 *et seq*.

50. Defendants have revenues in excess of $500,000 per year during the time of Plaintiff's employment with Defendants.

51. This claim is brought as part of a collective action by Plaintiff on behalf of himself and the FLSA Collective.

52. The FLSA requires that non-exempt employees receive overtime compensation at one-and-one-half times (1.5x) their regular rates of pay for hours worked in excess of 40 per workweek. 29 U.S.C. § 207(a)(1).

53. Defendants, individually and jointly, violated the FLSA with respect to Plaintiff and the FLSA Collective Members by failing to pay overtime for certain hours worked over 40 in a workweek at one-and-one-half times (1.5x) their regular rates of pay because of Defendants' companywide policy and/or practice described herein.

54. Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime pay.

55. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiff and the FLSA Collective Members are entitled.

56. These similarly situation individuals are known to Defendants, are readily identifiable, and can easily be located through Defendants' records.

57. These similarly situated employees may be readily notified of this action through U.S. Mail and/or electronic means and/or workplace posting, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages, and all other recovery allowed or required under the FLSA.

58. Defendants are liable to Plaintiff and the FLSA Collective for their unpaid wages, plus an additional equal amount as liquidated damages, together with reasonable attorney fees and costs.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff requests that this Court enter the following relief:

A. An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. 216(b);

B. Prompt notice, pursuant to 29 U.S.C. 216(b), of this litigation to all potential members of the FLSA Collective;

C. Back pay damages and prejudgment interest to the fullest extent permitted under the law;

D. Liquidated and multiple damages as allowed by law, including double damages for FLSA claims;

E. An injunction ordering Defendants to cease their violations of the law as described here;

F. Attorney's fees and costs; and

G. All further relief as the Court deems just and equitable.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all claims triable.

Respectfully submitted,
BLANCHARD & WALKER, PLLC

/s/ David M. Blanchard

David M. Blanchard (P67190)
Diana E. Marin (P81514)
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 929-4313
blanchard@bwlawonline.com
marin@bwlawonline.com

Dated: February 9, 2026